# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1767

_____

|  |  |  |
|---|---|---|
| Claudia Marisol Orellana De Zelaya, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review |
| v. | * | of an Order of the |
| | * | Board of Immigration Appeals. |
| Alberto Gonzales, United States | * | |
| Attorney General, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: September 13, 2006
Filed:  November 7, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Claudia Marisol Orellana De Zelaya (De Zelaya), a citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) which summarily affirmed an Immigration Judge's (IJ's) denial of relief from deportation.[1]

_____

[1]The IJ's decision constitutes the final agency determination for purposes of judicial review, see Kimumwe v. Gonzales, 431 F.3d 319, 322 (8th Cir. 2005); and we lack jurisdiction to consider De Zelaya's arguments that her case was not proper for an affirmance without opinion, see Ngure v. Ashcroft, 367 F.3d 975, 981-88 (8th Cir. 2004).

In March 1994 the former Immigration and Naturalization Service (INS) charged De Zelaya with being deportable for entering the United States without inspection. De Zelaya conceded deportability and after a political-asylum hearing, she was ordered deported to El Salvador.

In July 1998 De Zelaya moved to reopen to apply for "suspension of deportation/special cancellation of removal" under section 203 of the Nicaraguan Adjustment and Central American Relief Act (NACARA). The IJ granted the motion and, following a merits hearing in February 2003, denied the application. The IJ analyzed De Zelaya's case applying the NACARA suspension-of-deportation requirements, see 8 C.F.R. § 240.65 (2005) (NACARA suspension-of-deportation regulation), and concluded that De Zelaya did not satisfy section 240.65's good-moral-character requirement because she had testified falsely at the 2003 hearing regarding her date of entry into the United States. De Zelaya and the government agree that she applied for NACARA special-rule cancellation of removal derivatively through her husband--who had applied for and received NACARA special-rule cancellation of removal--and that the IJ should have applied the requirements listed at 8 C.F.R. § 240.66 (2005) (NACARA cancellation-of-removal regulation). The IJ did not discuss why he applied section 240.65 instead of section 240.66.

Although NACARA suspension of deportation and NACARA special-rule cancellation of removal both provide the same benefit to the alien applicant, that is, adjustment of status to that of a lawful permanent resident, there are differences in the requirements for establishing eligibility for these two forms of relief, including the relevant period for which good moral character must be established. See Cuadra v. Gonzales, 417 F.3d 947, 950-52 (8th Cir. 2005) (noting difference between § 240.65 "was and is" requirement and § 240.66 "has been" requirement; finding § 240.66 requires alien to demonstrate good moral character during 7-year period before filing of application and does not require alien to demonstrate good moral character after that period).

Accordingly, we grant the petition and remand this case to the BIA with instructions to remand to the IJ to conduct a further analysis of De Zelaya's application for NACARA special-rule cancellation of removal.

_____